IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

Sandra M,[1]

          Plaintiff,

   v.

COMMISSIONER, SOCIAL
SECURITY ADMINISTRATION,

          Defendant.

No. 6:19-cv-00939-HZ

OPINION & ORDER

Katherine L. Eitenmiller
Brent Wells
HARDER, WELLS, BARON & MANNING, P.C.
474 Willamette Street
Eugene, Oregon 97401
Attorneys for Plaintiff

Renata Gowie
District of Oregon
1000 SW Third Avenue, Suite 600
Portland, OR 97204

---

[1] In the interest of privacy, this Opinion uses only the first name and the initial of the last name of the non-governmental party or parties in this case. Where applicable, this Opinion uses the same designation for a non-governmental party's immediate family member.

1 – OPINION & ORDER

Lisa Goldoftas
Social Security Administration
Office of the General Counsel
701 Fifth Avenue, Suite 2900
Seattle, WA 98104

      Attorneys for Defendant

HERNÁNDEZ, District Judge:

      Plaintiff Sandra M. brings this action seeking judicial review of the Commissioner's final decision to deny disability insurance benefits ("DIB"). This Court has jurisdiction pursuant to 42 U.S.C. § 405(g). The Court reverses the Commissioner's decision and remands this case for further administrative proceedings.

## PROCEDURAL BACKGROUND

      Plaintiff applied for DIB on January 21, 2016, alleging an onset date of January 1, 2015. Tr. 230.[2] Plaintiff's date last insured ("DLI") is September 30, 2019. *Id.* Her application was denied initially and on reconsideration. *Id.*

      On May 7, 2018, Plaintiff appeared with counsel for a hearing before an Administrative Law Judge ("ALJ"). Tr. 180. On June 20, 2018, the ALJ found Plaintiff not disabled. Tr. 161–79. The Appeals Council denied review. Tr. 1.

## FACTUAL BACKGROUND

      Plaintiff alleges disability based on "post herpetic neurologia, gastro intestinal, chronic pain lower back, chronic pain abdominal, lethargic, exhaustion, cataracts, chronic diareah (sic), open soars (sic) in the vaginal area, depression, anxiety, dizziness/lightheaded." Tr. 319. At the

---

[2] Citations to "Tr." refer to the pages indicated in the official transcript of the administrative record, filed herein as Docket No. 9.

2 – OPINION & ORDER

time of her alleged onset date, she was 61 years old. Tr. 230. She has a college education and past relevant work as an executive director of an economic development group. Tr. 172.

## SEQUENTIAL DISABILITY EVALUATION

A claimant is disabled if they are unable to "engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which . . . has lasted or can be expected to last for a continuous period of not less than 12 months[.]" 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). Disability claims are evaluated according to a five-step procedure. *See Valentine v. Comm'r*, 574 F.3d 685, 689 (9th Cir. 2009) (in social security cases, agency uses five-step procedure to determine disability). The claimant bears the ultimate burden of proving disability. *Id.*

In the first step, the Commissioner determines whether a claimant is engaged in "substantial gainful activity." If so, the claimant is not disabled. *Bowen v. Yuckert*, 482 U.S. 137, 140 (1987); 20 C.F.R. §§ 404.1520(b), 416.920(b). In step two, the Commissioner determines whether the claimant has a "medically severe impairment or combination of impairments." *Yuckert*, 482 U.S. at 140–41; 20 C.F.R. §§ 404.1520(c), 416.920(c). If not, the claimant is not disabled. *Id.*

In step three, the Commissioner determines whether the claimant's impairments, singly or in combination, meet or equal "one of a number of listed impairments that the [Commissioner] acknowledges are so severe as to preclude substantial gainful activity." *Yuckert*, 482 U.S. at 141; 20 C.F.R. §§ 404.1520(d), 416.920(d). If so, the claimant is conclusively presumed disabled; if not, the Commissioner proceeds to step four. *Yuckert*, 482 U.S. at 141.

In step four, the Commissioner determines whether the claimant, despite any impairment(s), has the residual functional capacity (RFC) to perform their "past relevant work."

3 – OPINION & ORDER

20 C.F.R. §§ 404.1520(e), 416.920(e). If the claimant can perform past relevant work, the claimant is not disabled. If the claimant cannot perform past relevant work, the burden shifts to the Commissioner. In step five, the Commissioner must establish that the claimant can perform other work. *Yuckert*, 482 U.S. at 141–42; 20 C.F.R. §§ 404.1520(e)–(f), 416.920(e)–(f). If the Commissioner meets their burden and proves that the claimant can perform other work that exists in the national economy, then the claimant is not disabled. 20 C.F.R. §§ 404.1566, 416.966.

## THE ALJ'S DECISION

At step one, the ALJ determined that Plaintiff had not engaged in substantial gainful activity after her alleged onset date. Tr. 166. Next, at steps two and three, the ALJ determined that Plaintiff has the following severe impairments: "herpetic neuralgia; lichen simplex; chronicus; hiatal hernia; trochanteric bursitis; lumbar degenerative disc disease; bilateral hip degenerative joint disease; and obesity." *Id.* However, the ALJ determined that Plaintiff's impairments did not meet or medically equal the severity of a listed impairment. Tr. 168. At step four, the ALJ concluded that Plaintiff has the residual functional capacity to:

> perform light work except with lifting, carrying, pushing, and pulling 20 pounds occasionally and 10 pounds frequently and sitting, standing, or walking for six hours each per eight-hour day. The claimant can climb ramps and stairs occasionally, never climb ladders, ropes, or scaffolds, stoop occasionally, kneel occasionally, crouch occasionally, crawl occasionally. Time off task can be accommodated by normal breaks.

Tr. 169. Because of these limitations, the ALJ concluded that Plaintiff could perform her past relevant work. Tr.172. Thus, the ALJ concluded that Plaintiff is not disabled. *Id.*

//

//

4 – OPINION & ORDER

**STANDARD OF REVIEW**

A court may set aside the Commissioner's denial of benefits only when the Commissioner's findings "are based on legal error or are not supported by substantial evidence in the record as a whole." *Vasquez v. Astrue*, 572 F.3d 586, 591 (9th Cir. 2009) (internal quotation marks omitted). "Substantial evidence means more than a mere scintilla but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Id.* (internal quotation marks omitted). The court considers the record as a whole, including both the evidence that supports and detracts from the Commissioner's decision. *Id.*; *Lingenfelter v. Astrue*, 504 F.3d 1028, 1035 (9th Cir. 2007). "Where the evidence is susceptible to more than one rational interpretation, the ALJ's decision must be affirmed." *Vasquez*, 572 F.3d at 591 (internal quotation marks and brackets omitted); *see also Massachi v. Astrue*, 486 F.3d 1149, 1152 (9th Cir. 2007) ("Where the evidence as a whole can support either a grant or a denial, [the court] may not substitute [its] judgment for the ALJ's") (internal quotation marks omitted).

**DISCUSSION**

Plaintiff contends the ALJ erred by (1) failing to provide clear and convincing reasons for rejecting her subjective symptom testimony, (2) rejecting lay witness testimony, and (3) rejecting the medical opinions of two treating physicians. Pl. Opening Br. 5, ECF 13. For the following reasons, the Court reverses the ALJ's decision and remands this case for further proceedings.

I.  Subjective Symptom Testimony

Plaintiff is a former executive director of an economic development group. Tr. 186. She testified that she stopped working because she was "failing her clients in terms of dependability, timeliness, and being able to be accurate." Tr. 187.

5 – OPINION & ORDER

She testified that she suffers from chronic pain that can "attack" her everywhere. Tr. 189. Her pain often keeps her from sleeping and she moves to a chair to sleep. *Id.* On "high pain days" she experiences significant muscle spasms. Tr. 192.

She reports issues with her balance and has fallen a number of times. Tr. 189. She uses a walker. *Id.* She testified that she cannot walk up and down stairs. Tr. 190. She does not do much lifting. *Id.* She can unstack the dishwasher but cannot put all the dishes away. *Id.* Keyboarding is "a little tricker than it used to be." *Id.* She reports that due to her medications she has a couple of days a week that the pain is more moderate. Tr. 191. She drives locally but avoids long trips for fear of a pain spike that might leave her stranded. Tr. 192. She reports watching TV. Tr. 193. She testified to feeling some depression due to her circumstances. *Id.*

The ALJ erred in rejecting Plaintiff's subjective symptom testimony. In his decision, the ALJ largely relies on a lack of objective findings to discount Plaintiff's testimony. Tr. 170–171. Without more, this is not a permissible reason to reject symptom testimony. *Reddick v. Chater*, 157 F.3d 715, 722 (9th Cir. 1998) ("[T]he Commissioner may not discredit the claimant's testimony as to the severity of symptoms merely because they are unsupported by objective medical evidence.").

The Commissioner contends that the ALJ also relied on an inconsistency in the record and the fact that Plaintiff worked after she was first diagnosed with post herpetic neuralgia to discount her testimony. The alleged inconsistency between Plaintiff's testimony and the medical evidence appears to relate to a series of physical therapy (PT) visits. The ALJ stated that "[w]ith physical therapy, she reported being able to shop for longer periods, strength was restored, and she was able to complete exercises without increased symptoms or mention of pain." Tr. 171. The ALJ erred by mischaracterizing the record and relying on these chart notes to discount

Plaintiff's testimony. Plaintiff was able to complete exercises without pain at one out of twelve PT visits and reported that she was able to "shop for longer periods with less pain" at another isolated visit. Tr. 867, 882. The treating physical therapist never charted that plaintiff's "strength was restored," the relevant note states instead that Plaintiff's "weakness improved." Tr. 875. Accordingly, the ALJ failed to consider Plaintiff's limited improvement in the context of her treatment history as a whole that shows consistent reports of pain and a lack of significant improvement with physical therapy. *See Holohan v. Massanari*, 246 F.3d 1195, 1207 (9th Cir. 2001) ("[T]he ALJ selectively relied on some entries in [the claimant's] records ... and ignored the many others that indicated continued, severe impairment."). He also erred by failing to identify the testimony that is not credible related to the PT visits and explain how the evidence undermines that testimony. *See id.* at 1208 ("[T]he ALJ must specifically identify the testimony she or he finds not to be credible and must explain what evidence undermines the testimony.").

      The Commissioner's contention that the ALJ relied on the fact that Plaintiff worked after being diagnosed with post herpetic neuralgia to discount her testimony is an impermissible post hoc rationalization. Post hoc rationalizations cannot form the basis for affirming the ALJ. *Bray v. Comm'r of Soc. Sec. Admin.*, 554 F.3d 1219, 1225 (9th Cir. 2009) (a district court may not affirm an ALJ's decision based on "post hoc rationalizations that attempt to intuit what the adjudicator may have been thinking") (citation omitted); *see also Brown-Hunter*, 806 F.3d at 492 ("A clear statement of the agency's reasoning is necessary because [the Court] can affirm the agency's decision to deny benefits only on the grounds invoked by the agency.") (citing *Stout*, 454 F.3d at 1054). The ALJ does not say he is discounting Plaintiff's testimony on these grounds. Tr. 171. The Court finds that the ALJ erred by not providing clear and convincing reasons supported by substantial evidence for discounting Plaintiff's symptom allegations.

7 – OPINION & ORDER

II.     Lay Witness Testimony

Lay testimony regarding a claimant's symptoms or how an impairment affects her ability to work is competent evidence that an ALJ must take into account. *Molina*, 674 F.3d at 1114. Lay witness testimony cannot be disregarded without comment and the ALJ must give germane reasons for discounting such testimony. *Id.* Germane reasons must be specific. *Bruce v. Astrue*, 557 F.3d 1113, 1116 (9th Cir. 2009) (citing *Stout*, 454 F.3d at 1053). Germane reasons include conflicts with medical evidence and inconsistency with the plaintiff's daily activities. *Lewis v. Apfel*, 236 F.3d 503, 511–12 (9th Cir. 2001). "An ALJ is not required to discuss every witness's testimony on a[n] individualized, witness-by-witness basis. Rather, if the ALJ gives germane reasons for rejecting testimony by one witness, the ALJ need only point to those reasons when rejecting similar testimony by a different witness." *Molina*, 674 F.3d at 1114 (citing *Valentine*, 574 F.3d at 694).

Here, Plaintiff provided six lay-witness letters and a Third-Party Function Report authored by her spouse.[3] Tr. 345–52, 381–87. In rejecting this testimony, the ALJ noted only that the witnesses

> largely observed a decline in the claimant's functioning over the years, but only vaguely and such a decline does not necessarily mean an individual is unable to sustain some type of work activity. Furthermore, while they cite issues with forming thoughts, the treating source records do not document signs of such issues.

Tr. 170.

The ALJ failed to provide legally sufficient reasons to reject the lay witness testimony. Inconsistency with medical evidence is a germane reason for rejecting lay testimony. *Bayliss v. Barnhart*, 427 F.3d 1211, 1218 (9th Cir. 2005). However, an ALJ may not discredit competent

---

[3] Plaintiff's spouse also provided one of the six letters. Tr. 383.

lay statements solely because they are "not supported by medical evidence in the record." *Bruce v. Astrue*, 557 F.3d 1113, 1116 (9th Cir. 2009) (emphasis added) (citing *Smolen v. Chater*, 80 F.3d 1273, 1289 (9th Cir. 1996)). Here, the ALJ impermissibly relied on a lack of evidence to reject the lay witness statement. Additionally, Given the detail provided in the statements, the ALJ's general remark that the witnesses "only vaguely" observed a decline in Plaintiff's function is not a specific and germane reason to discount the testimony of all of Plaintiff's lay witnesses, including her spouse.

The Commissioner argues that because Plaintiff's spouse made "similar comments" to Plaintiff in his Third-Party Function report, the Court should reject his testimony. This is not a germane reason to reject Plaintiff's spouse's testimony because the ALJ did not provide clear and convincing reasons for rejecting Plaintiff's testimony. *See supra*.

III.   Medical Opinion Evidence

Plaintiff argues the ALJ improperly rejected the opinions of treating physicians Thomas McAndrew and Keerti Jaini. Social security law recognizes three types of physicians: (1) treating, (2) examining, and (3) nonexamining. *Garrison v. Colvin*, 759 F.3d 995, 1012 (9th Cir. 2014). Generally, more weight is given to the opinion of a treating physician than to the opinion of those who do not actually treat the claimant. *Id.*; 20 C.F.R. §§ 404.1527(c)(1)-(2), 416.927(c)(1)-(2). More weight is also given to an examining physician than to a nonexamining physician. *Garrison*, 759 F.3d at 1012.

If a treating physician's medical opinion is supported by medically acceptable diagnostic techniques and is not inconsistent with other substantial evidence in the record, the treating physician's opinion is given controlling weight. *Ghanim v. Colvin*, 763 F.3d 1154, 1160 (9th Cir. 2014); *See Orn v. Astrue*, 495 F.3d 625, 631 (9th Cir. 2007). If the treating physician's opinion is

not contradicted by another doctor, the ALJ may reject it only for "clear and convincing" reasons supported by substantial evidence in the record. *Ghanim*, 763 F.3d at 1160–61.

Even if the treating physician's opinion is contradicted by another doctor, the ALJ may not reject the treating physician's opinion without providing "specific and legitimate reasons" which are supported by substantial evidence in the record. *Id.* at 1161; *Bayliss*, 427 F.3d at 1216.

Dr. Jaini's opinion consists of a letter that memorialized a conversation Dr. Jaini had with Plaintiff's attorney regarding Plaintiff's diagnoses, functional limitations, and ability to work. Tr. 859–60. Some of the limitations in the letter included the need for a position change after standing and sitting for 30 minutes, no use of hands and arms either outstretched or overhead, and no repetitive use of the hands and wrists. Tr. 859. Dr. Jaini also found that Plaintiff's conditions would cause her to miss two or more workdays per month, and she would require frequent and continual breaks. Tr. 860. She agreed that Plaintiff would not be able to work through an eight-hour day and would be off-task at least 25% of the time because of chronic pain. *Id.* Dr. Jaini's specialty is internal medicine. Tr. 859.

Dr. McAndrew concurred with Dr. Jaini's letter. Tr. 857. He agreed that the limitations applied to Plaintiff at the time she stopped full time work, that the limitations would have caused Plaintiff to be unable to work five days a week, and that she would have been off task 25% of the time due to her chronic pain. *Id.* Dr. McAndrew's specialty is family medicine. Tr. 563. It appears that he had been treating Plaintiff since at least January 2012. Tr. 610.

The ALJ discounted these opinions because: (1) Dr. Jaini had only been Plaintiff's primary care provider for about six months, (2) there was "no indication that either source has a specialty outside of family practice/general internal medicine," (3) the opined limitations

10 – OPINION & ORDER

conflicted with a recent neurology appointment, and (4) a lack of "associated objective findings." Tr. 171.

The ALJ did not provide specific and legitimate reasons supported by substantial evidence in the record to reject the opinions of treating physicians Dr. Jaini and Dr. McAndrew. An ALJ may consider the length of the treating relationship and the provider's specialty in weighing medical opinions. 20 C.F.R. § 404.1527(c). The opinions at issue here were provided by Plaintiff's primary care providers who had a substantial relationship with her. The record supports that Dr. McAndrew treated Plaintiff for multiple years and that Dr. Jaini treated her for six months. Tr. 563, Def. Brief at 6, ECF 14. It does not matter that Dr. Jaini, not Dr. McAndrew, had the initial conversation with Plaintiff's lawyer given that Dr. McAndrew reviewed and concurred with Dr. Jaini's letter. It is also not clear from the record, or the ALJ's opinion, why the specialties of these doctors would weigh against their findings. The ALJ does not explain why an internal medicine and a family practice doctor, both who have treated Plaintiff, would be unqualified to draw these conclusions.

The third reason cited by the ALJ is not supported by substantial evidence either. An ALJ may reject an opinion that is contradictory to the medical record at large. *Tommasetti*, 533 F.3d at 1041. In discounting these opinions, the ALJ stated "it is unclear why she would have such limited abilities in lifting and use of the upper extremities—she denied any problems with this during a recent appointment with neurology." Tr. 171. The ALJ's statement misconstrues the record. Plaintiff did not deny *any problems* with lifting and use of her upper extremities at the neurology visit. At the visit, Plaintiff answered "no" to associated muscle weakness and atrophy and reported that her "weakness was secondary to pain." Tr. 811. She also stated that she could open a bottle, use buttons on a shirt, hold a glass of water, pour a pitcher of water, and "carry

11 – OPINION & ORDER

groceries to table." *Id.* These activities alone do not contradict the findings in Dr. Jaini and Dr. McAndrews' opinions or suggest that she has no problems with lifting and use of her upper extremities. The Commissioner points to the finding of 5/5 strength from the same visit. However, there is nothing in the chart note or doctor's summary to support a relationship between a strength rating and Plaintiff's lifting capacity.

Finally, the ALJ permissibly relied on a lack of objective findings to discount these opinions. However, given that treating opinions are entitled to deference, this rationale alone, especially without more explanation, is insufficient to reject these opinions. *See Orn*, 495 F.3d at 633. The ALJ also failed to note that Dr. Jaini discussed the limitations described in the January 2018 letter and explained that Plaintiff's limitations were not based on objective evidence but her history of diagnosed idiopathic neuropathy and persistent generalized neuropathy pain. Tr. 847.

IV.    Remand

Plaintiff asks the Court to credit the above-described testimony as true and remand this case for payment of benefits or for further proceedings. To determine which type of remand is appropriate, the Ninth Circuit uses a three-part test. *Garrison*, 759 F.3d at 1020; *Treichler v. Comm'r Soc. Sec. Admin.*, 775 F.3d 1090, 1100 (9th Cir. 2014). First, the ALJ must fail to provide legally sufficient reasons for rejecting evidence, whether claimant testimony or medical opinion. *Garrison*, 759 F.3d at 1020. Second, the record must be fully developed, and further administrative proceedings would serve no useful purpose. *Id.* Third, if the Court remands the case and credits the improperly discredited evidence as true, the ALJ would be required to find the claimant disabled. *Id.* To remand for an award of benefits, each part must be satisfied. *Id.* The "ordinary remand rule" is "the proper course," except in rare circumstances. *Treichler*, 775 F.3d at 1101.

12 – OPINION & ORDER

As explained above, the ALJ failed to articulate legally sufficient reasons for rejecting Plaintiff's testimony, lay witness opinions, and the opinions of two of Plaintiff's treating physicians. As such, the ALJ failed to properly consider the limitations contained therein when proceeding through the steps of the sequential evaluation. However, the Court finds that further proceedings, rather than a remand for benefits, would be useful because it is unclear from the record that the ALJ would need to credit these opinions and the rejected testimony as true if he had properly considered the other evidence. Exercising its discretion, the Court finds it is appropriate to remand this case for further proceedings so that the ALJ may properly consider and evaluate the evidence.

## CONCLUSION

Based on the foregoing, the Commissioner's decision is REVERSED and REMANDED for administrative proceedings.

IT IS SO ORDERED.

DATED: October 8, 2021.

<em>Marco Hernández</em>

MARCO A. HERNÁNDEZ

United States District Judge